IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DESSARAE BORDERS,

        Plaintiff,                             No. CIV S-05-2081 KJM

    vs.

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

        Defendant.                     ORDER

/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for summary judgment but will remand the matter for further proceedings.

/////

/////

---

[1] On February 12, 2007, Michael J. Astrue was sworn in as Commissioner of Social Security, replacing Jo Anne B. Barnhart, the original defendant herein. Pursuant to 42 U.S.C. § 405(g) and Fed. R. Civ. P. 25(d)(1), Michael J. Astrue is substituted as the defendant in this action.

1

I. <u>Factual and Procedural Background</u>

In a decision dated July 22, 2004, the ALJ determined plaintiff was not disabled.[2] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of obesity and anemia but these impairments do not meet or medically equal a listed impairment; the testimony of plaintiff and her mother cannot be entirely credited; plaintiff can perform light work; plaintiff can perform her past relevant work as a cashier; and plaintiff is not disabled. Administrative Transcript ("AT") 17. Plaintiff contends the ALJ improperly rejected the opinion

/////

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

2

of a treating physician, did not consider all of plaintiff's impairments, and improperly discredited her testimony.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

/////
/////
/////
/////

3

III. Analysis

Among other arguments, plaintiff contends the ALJ improperly discredited the opinion of treating physician, Dr. Mehton. This argument is dispositive and its resolution requires remand.[3] The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Id. at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons that are supported by substantial evidence. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory, minimally

---

[3] Plaintiff also contends the ALJ committed error in failing to properly consider plaintiff's obesity and improperly discrediting plaintiff. Any functional limitations attributable to plaintiff's obesity were properly considered and incorporated into the residual functional capacity for light work assessed by the internal medicine examining physician Dr. Sharma, which was relied on by the ALJ. AT 16, 141. As to the ALJ's credibility analysis, although the ALJ properly considered plaintiff's wide-ranging activities as consistent with the ability to perform light work, and he noted that plaintiff has regular headaches, the ALJ failed to address plaintiff's testimony and that of her mother regarding the debilitating effects of those headaches. AT 16, 231-233, 239-240. On remand, the ALJ must make an explicit credibility finding on this issue and set forth a specific, cogent reason for disbelief if this testimony is discredited.

4

1  supported opinion rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a
2  non-examining professional, without other evidence, is insufficient to reject the opinion of a
3  treating or examining professional.  Lester, 81 F.3d at 831.
4          Dr. Mehton opined in a headaches residual functional capacity questionnaire dated
5  April 12, 2004 that plaintiff suffered disabling headaches two to three times a week, that she
6  would often need to take unscheduled breaks during an eight-hour work day and that she would
7  be absent from work more than four times a month.  AT 200-204.  Although anxiety and
8  depression are mentioned as impairments in the questionnaire, Dr. Mehton also noted plaintiff's
9  sinus infections and allergic rhinitis as precipitating factors for plaintiff's headaches.  The basis
10 set forth by the ALJ for rejecting Dr. Mehton's limitations was inconsistency with the opinions of
11 examining physicians with specialties in pertinent medical disciplines and the state agency
12 opinions, and inconsistency with Dr. Mehton's own records.  AT 16.  While it may be
13 appropriate to discount Dr. Mehton's opinions with regard to mental health issues in favor of that
14 of an examining psychiatrist or psychologist, it appears here that the ALJ totally ignored the
15 physical component of Dr. Mehton's opinion, i.e., the disabling effects of the headaches for
16 which plaintiff was seen on a regular basis.  AT 106-129, 172-199.  Moreover, the internal
17 medicine consultant does not indicate any records from Dr. Mehton were available for review;
18 thus, this consultant's functional limitations could not properly consider any functional
19 limitations due to repeated debilitating sinus headaches.  AT 137-141.  Under these
20 circumstances, the reasons set forth for rejecting Dr. Mehton's opinion do not meet the standards
21 set forth above.
22         The remaining question is whether to remand this case to the ALJ or to order the
23 payment of benefits.  "The decision whether to remand the case for additional evidence or simply
24 to award benefits is within the discretion of the court."  Stone v. Heckler, 761 F.2d 530, 533 (9th
25 Cir. 1985).  Generally, the court will direct the award of benefits "in cases where no useful
26 purpose would be served by further administrative proceedings or where the record has been

1  thoroughly developed." Varney v. Secretary of Health and Human Services, 859 F.2d 1396, 1399 (9th Cir. 1988).

Even if Dr. Mehton's residual function capacity assessment based on plaintiff's headaches is fully credited, it is not clear from the record whether there are other jobs available to plaintiff that could accommodate the limitations set forth therein.  Moreover, the ALJ did not consider Dr. Mehton's mental residual functional capacity questionnaire because it was submitted after the date of the ALJ's decision.  See AT 222-224.[4]  The matter therefore will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. The Commissioner's cross-motion for summary judgment is denied; and

3. This matter is remanded for further proceedings consistent with this order.

DATED:  March 29, 2007.

_____
U.S. MAGISTRATE JUDGE

006
borders.ss

---

[4] When the Appeals Council denies review, the decision of the ALJ is the final decision. Russell v. Brown, 856 F.2d 81, 83-84 (9th Cir. 1988).  However, the evidence considered by the Appeals Council in denying the request for review becomes part of the administrative record for review by this court.  See Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993) (noting that where the Appeals Council declined to review the decision of the ALJ after examining the entire record, including new material, court considers both the ALJ's decision and the additional materials submitted to the Appeals Council); see also  Harman v. Apfel, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (the court may properly consider the additional materials because the Appeals Council addressed them in the context of denying appellant's request for review).