1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DESSARAE BORDERS,

11           Plaintiff,                    No. CIV S-05-2081 KJM

12       vs.

13   MICHAEL J. ASTRUE,
     Commissioner of Social Security,
14
             Defendant.              ORDER
15   _____/

16           Pending before the court is plaintiff's motion for an award of attorneys' fees under

17   the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1).  Plaintiff seeks fees based on

18   3.25 hours in 2005 at the rate of $156.25 per hour for attorney time, 36.9 hours in 2006 at the rate

19   of $161.25 per hour, and 7.45[1] hours in 2007 at the rate of $163.75 per hour, for a total amount of

20   $7677.87.  Defendant contends fees under the EAJA should not be awarded because the

21   government's position was substantially justified.  In the event fees are awarded, defendant

22   contends that the amount of hours claimed is unreasonable.  Finally, defendant contends any fee

23   award must be paid to plaintiff, not to her counsel.

24   _____

25       [1]  Plaintiff initially requested 4.95 hours for work in calendar year 2007.  In the reply,
     plaintiff requests augmented for fees for an additional 2.50 hours for researching and drafting the
26   reply.

                                              1

A.  Substantial Justification

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action.   An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits.  Shalala v. Schaefer, 509 U.S. 292 (1993).  In this case, the matter was remanded under sentence four based on the order of the court on cross-motions for summary judgment.  See Order filed March 30, 2007.  Plaintiff thus is entitled to an award of fees under the EAJA.  The court must allow the fee award unless it finds the position of the United States was substantially justified.  Flores v. Shalala, 49 F.3d 562, 568-69 (9th Cir. 1995).

The burden of establishing substantial justification is on the government.  Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).   In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as

> 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person.  That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

Id. at 565.  A position does not have to be correct to be substantially justified.  Id. at 566 n.2; see also Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 2001); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself.  Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990).  Where the underlying government action was not substantially justified, it is unnecessary to determine whether the government's

2

litigation position was substantially justified.  Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).

Defendant contends the government's position was substantially justified.  In support of this contention, defendant puts forth essentially the same arguments submitted in support of its cross-motion for summary judgment.  Although defendant is correct that the government can lose on the merits and its position still be substantially justified for purposes of EAJA, defendant's argument in this instance is unavailing.  In reviewing the transcript, briefing on the cross-motions for summary judgment and order granting remand in this case, the court has determined defendant's position was not reasonably based in either law or fact.  The ALJ totally ignored the physical basis underlying the treating physician's opinion and in so doing mischaracterized the record and failed to consider significant testimony of plaintiff and her mother regarding the debilitating effects of plaintiff's headaches.  See, e.g., Sampson v. Chater, 103 F.3d 918 (9th Cir. 1996) (position not justified where ALJ mischaracterized medical evidence and failed to take adequate account of testimony).  Fees under the EAJA therefore will be awarded.

B.  Reasonable Fee

The EAJA directs the court to award a reasonable fee.  In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained.  See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S. 424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998).  Defendant contends that the hours expended by plaintiff's counsel are unreasonable.  Specifically, defendant argues that only routine issues were raised in plaintiff's motion for summary judgment and that the number of hours claimed is therefore excessive.

In reviewing the transcript, briefing on the cross-motions for summary judgment and order granting remand in this case, and the time expended on tasks as set forth in plaintiff's schedule of hours, the court has determined the hours claimed are reasonable.  With respect to

1  the amount of time claimed by counsel, the court notes counsel did not represent plaintiff at the

2  administrative level and had to become familiar with the case, which included a 247 page

3  administrative transcript, the careful summary of which comprises eleven pages in the opening

4  brief.  Although plaintiff ultimately did not prevail on the obesity issue, the nature of that claim

5  requires thoughtful consideration of the interplay of obesity with other impairments and the court

6  finds no fault with the time counsel spent on this issue by paying close attention to whether the

7  ALJ fulfilled his duties in this regard.  See generally Social Security Ruling 02-01p (obesity in

8  combination with another impairment may or may not increase the severity or functional

9  limitations of the other impairment and is a factor that may be considered at any step in the

10  sequential evaluation).  The court has scrutinized closely the hours claimed by counsel and finds

11  no reason to believe they are inflated.  Counsel therefore will be paid for the claimed hours of

12  attorney time spent in the prosecution of this action.

13          C.  Payment to Counsel

14          Defendant further contends that any award under EAJA must be made payable to

15  plaintiff, not to counsel.  In the sur-reply, defendant asserts that the assignment provision in the

16  retainer agreement is invalid.  Defendant is correct that EAJA provides that the court shall award

17  to a prevailing party fees and other expenses incurred in litigation.  28 U.S.C. § 2412(d)(1)(A).

18  Defendant argues that any assignment of EAJA fees prior to an award being made by the court or

19  by stipulation of the parties is void under the Anti-Assignment Act, 31 U.S.C. § 3727.  This

20  argument runs contrary to the purpose of that Act as well as the procedure for awarding fees

21  under 42 U.S.C. § 406(b).   The Anti-Assignment Act was enacted to "prevent persons of

22  influence from buying up claims against the United States, which might then be improperly urged

23  upon officers of the Government."  United States v. Aetna Casualty & Surety Co., 338 U.S. 366,

24  373 (1949).  Another "purpose was to prevent possible multiple payment of claims, to make

25  unnecessary the investigation of alleged assignments, and to enable the Government to deal only

26  with the original claimant."  Id.  Allowing the assignment in the pending matter produces none of

4

the evils the statute was designed to obviate.  There is no specter raised of improper influence

peddling, there is no possibility of multiple payments, there is no question plaintiff and her

counsel entered into the contract of assignment, and the motion at issue here is brought on behalf

of the plaintiff, meaning the government is still dealing with the same claimant.  See Retainer

and Contingent Fee Agreement ¶ 3D ( contract expressly provides that any motion for attorneys'

fees will be brought on behalf of the client).  Moreover, the assignment at issue does not assign

plaintiff's counsel an interest in the right to claim attorneys' fees under the EAJA, just the right

to recover should any fees be awarded.  See Pony v. County of Los Angeles, 433 F.3d 1138,

1145 (9th Cir.), cert. denied, __ U.S. __, 126 S. Ct. 2864 (2006) (for fees awarded under 42

U.S.C. § 1988, although right to seek or waive attorneys' fees may not be transferred, right to

collect attorneys' fees can be transferred); see also West Virginia Univ. Hospitals, Inc. v. Casey,

499 U.S. 83, 89 (section 1988 is state counterpart of EAJA)[2]; Hensley, 461 U.S. at 433 n.7

(standards for prevailing party fee shifting statutes should be generally the same).  Recognizing

the validity of the assignment of EAJA fees to plaintiff's counsel does not transgress the purpose

of the Anti-Assignment Act.

   The procedure required under 42 U.S.C. § 406(b) also illuminates the error in

defendant's argument.  When an award is made for payment of attorneys' fees under that section,

plaintiff's counsel is required to refund to plaintiff  the smaller amount of an EAJA award or the

amount awarded under § 406(b).  Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).  That

procedure clearly contemplates an earlier award of EAJA fees being made to plaintiff's counsel.

If plaintiff's counsel could not recover EAJA fees based on a contractual assignment, there

would be no necessity for plaintiff's counsel to refund the smaller of the two awards.  Allowing

an award under EAJA to be paid to plaintiff's counsel based on contractual assignment thus is

consistent with both the purpose of the Anti-Assignment Act and the procedure for determining

---

   [2] West Virginia has been superseded by statute on other grounds.  See, e.g., Stender v. Lucky Stores, Inc., 780 F. Supp. 1302, 1306 & n.13 (N.D. Cal. 1992).

attorneys' fees under the Social Security Act.  <u>See generally</u> <u>Gilbrook v. City of Westminster</u>,

177 F. 3d 839, 874-75 (9th Cir. 1999) (in absence of contractual assignment to counsel, attorney

fee awards under 42 U.S.C. § 1988 must be made directly to the prevailing party).  In this case,

plaintiff entered into a contract with counsel that assigned the right to recover EAJA fees to

plaintiff's counsel.  The court will uphold the provisions of that contract.

Accordingly,  IT IS HEREBY ORDERED that fees pursuant to the EAJA are

awarded to plaintiff in the amount of $8,807.44.  Said fees shall be made payable to plaintiff's

counsel.

DATED:  November 9, 2007.

_____
U.S. MAGISTRATE JUDGE

006
borders.fee